CARRILLO, APPELLANT, *v.* THE REGISTRAR OF PROPERTY, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of Humacao Denying Admission to Record of a Possessory Title.

No. 202.—Decided November 6, 1914.

POSSESSORY TITLE PROCEEDING—EVIDENCE—REGISTRAR OF PROPERTY—REVIEW.— A registrar of property in Porto Rico has no authority to review the weighing of the evidence by a court of competent jurisdiction for the purpose of approving a possessory title proceeding.

ID.—EVIDENCE—REGISTRAR OF PROPERTY—REVIEW.—The authority of the registrar to ascertain by examining a possessory title proceeding before recording it whether the formalities and other legal requisites essential to the validity of the proceeding have been complied with, according to the doctrine laid down in the case of *Fernández* v. *Registrar of Property,* 17 P. R. R., 1021, cannot serve as the basis for a refusal to record a possessory title proceeding on the ground that one of the witnesses testified in such proceeding that he could not state positively that the petitioner was in possession of the property, for this would amount to a review of the weighing of the evidence by the judge who approved the possessory title proceeding.

The facts are stated in the opinion.

*Mr. Francisco González* for the appellant.

Mr. Miguel Planellas, the registrar, filed a brief *pro se.*

MR. JUSTICE DEL TORO delivered the opinion of the court.

Cirilo Carrillo Ortiz instituted a proceeding in the District Court of Humacao to establish his possession as owner of a certain rural property situated in the ward of Candelero Abajo of the municipal district of Humacao. The for-

malities prescribed by the Mortgage Law having been followed and the proceeding having been approved by the court, it was presented in the registry of property of the district for record and the registrar refused to admit the same to record for the reasons stated in the following decision from which the interested party took the present administrative appeal:

"Admission to record of this document is denied because witness Julio D. Guzmán testified that he did not know positively whether the petitioner was in possession of the property referred to in the possessory title proceeding, therefore the testimony did not conform to the provisions of rule 3 of paragraph 5 of article 391 of the Mortgage Law. In lieu thereof a cautionary notice has been entered for 120 days in favor of the petitioner, Cirilo Carrillo Ortiz, on the reverse side of page 118 of volume 22 of Humacao, property number 445, duplicate, entry letter A.; and, further, in accordance with article 393 of the Mortgage Law, it is stated that an examination of the records of the registry shows that the property in regard to which the possessory title proceeding was brought forms a part of property number 445, duplicate, entered on page 114 of volume 22 of Humacao, composed of 28.37 *cuerdas*, one undivided half of which is recorded in the name of Julio Guzmán y Toro and the other in the name of Dolores López Martínez, married to Pedro Más Fonolledas.

"Humacao; August 17, 1914. The Registrar, Miguel Planellas."

The second defect referred to in the foregoing decision of the registrar is not involved in the appeal. The appellant himself states in his brief that he will follow the procedure prescribed by article 393 of the Mortgage Law. Therefore, the question to be considered and decided is confined to the first ground of the decision.

As we have seen, the registrar bases his refusal to record the possessory title on the ground that one of the witnesses who testified in the proceeding stated that he could not state positively that the petitioner was in possession of the property. Having regard to the foregoing and before considering and deciding whether the conclusion of the registrar is well founded or not, the following primary question presents it-

self: Has a registrar of property in Porto Rico authority to review the weighing of evidence by a court of competent jurisdiction in proceedings for the approval of a possessory title?

In our opinion, in accordance with law and jurisprudence, the answer must be in the negative.

In the case of *Ramírez* v. *The Registrar,* 16 P. R. R., 330, this court, through Mr. Chief Justice Hernández, expressed itself as follows:

"Article 18 of the Mortgage Law grants registrars the power to classify, under their responsibility, the documents issued by judicial authorities, for the sole purpose of admitting, suspending, or refusing their record or entry; but such power does not authorize them to examine the grounds of judicial decisions, nor to base, upon the opinion they may form of the legality of such grounds, the denial of any record or entry, although it is permissible for them to consider whether or not they have been rendered by a court of competent jurisdiction and in the proper action, according to the doctrine established by the General Directorate of Registries of Spain, in its decisions of April 10 and June 7, 1876; January 19, 1877; December 22, 1882; December 18, 1883; April 27 and May 5, 1894; September 27, 1897; and October 6, 1900.

"And this could not be otherwise because the grounds of judicial decisions, and the very important function of weighing the evidence, are intrusted to the wisdom and integrity of courts of justice, which act within a sphere entirely independent of that of the registrars of property.

"Whether or not the District Court of Guayama committed an error in approving the application for a declaration of ownership in question, cannot be decided by the registrar of said district, but by the judicial authority in the proper action instituted by any person considering himself aggrieved."

The respondent registrar cites in his defense the decision of this court in the case of *Fernández* v. *The Registrar of Property,* 17 P. R. R., 1021, in which this court, through Mr. Justice Aldrey, expressed itself as follows:

"Subdivision 2 of article 18 of the Mortgage Law confers upon registrars the power to pass upon all documents directed to them by

judicial authorities, and consequently they can determine whether the judge had jurisdiction over the subject-matter, the nature of the case, and the scope of the decision; whether such decision was rendered by due process of law; whether the formalities and other requisites essential to the validity of such decision were duly complied with, and whether such judicial decision conforms strictly to all the formalities which are necessary under the Mortgage Law in order that the record may be entered.''

As will be seen, the doctrine laid down in the foregoing case is the same as that established in the said Ramírez case. In his brief the registrar does not give the reasons why he considers that the Fernández case supports his refusal, but only underlines the following words which appear in the paragraph above quoted, namely, "whether the formalities and other requisites essential to the validity of such decision were duly complied with." In our opinion, these words cannot serve as a ground for the decision appealed from, because the authority of the registrar to ascertain by an examination of a possessory title before recording the same whether the formalities and other legal requisites essential to its validity were duly complied with, by no means includes the power to review the weighing of the evidence by the court, and the action of the registrar in this case amounts, in fact, only to a review of the weighing of the evidence in the final judgment rendered by the District Court of Humacao in the possessory title proceeding in question.

That part of the decision appealed from which is based on the violation of rule 3 of paragraph 5 of article 391 of the Mortgage Law, should be reversed without prejudice to the proper compliance with article 393 of the said Mortgage Law.

*Reversed as to the part appealed from.*

Chief Justice Hernández and Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.